UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAD MILLS, ) | CASE NO. 1:06 CV 1773 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| LAURA WILLIAMSON, <u>et al.</u>, ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendants. ) | |

On July 24, 2006, plaintiff <u>pro se</u> Shad Mills filed this action under 42 U.S.C. § 1983 against his former girlfriend Laura Williamson, Sandusky Police Chief Robert Runner, Prosecutor Tygh Tone, Investigating Officer Roy Prewitt, Sandusky Police Dispatcher Jane Doe # 1, and Sandusky Police Department Employee Jane Doe #2. In the complaint, Mr. Mills alleges that the Sandusky police did not sufficiently assist him in retrieving his belongings from Ms. Williamson's residence after a domestic violence incident. He seeks monetary damages.

## **Background**

Mr. Mills states that he and Ms. Williamson met in June 2002. They began to date and shortly thereafter decided to share a residence. He was working at two jobs at the time, but injured his hand in a fight and was forced to give up his employment. He went to Jobs and Family Services to apply for food stamps in December 2002 and was approved. He was given a debit card for use in purchasing approved food items.

In April 2003, Mr. Mills informed Ms. Williamson that he was vacating the residence and terminating their relationship. He claims a verbal argument ensued which escalated into a physical altercation. Ms. Williamson telephoned police and Mr. Mills was arrested and charged with domestic violence. As a condition of his release, he was ordered to have no contact with Ms. Williamson and to obtain a police escort if he wished to retrieve his personal belongings from the shared residence. Following this suggestion, he telephoned Sandusky police and spoke to Jane Doe #1. He claims Ms. Doe informed him that it was too late in the evening for a police escort and advised him to call back in the morning. Mr. Mills telephoned again the next morning as instructed and spoke to Jane Doe #2. He contends that she told him the Sandusky police would not provide an escort.

Mr. Mills claims he telephoned Jobs and Family Services to inform them that he could not access his debit card because it was still at Ms. Williamson's residence. A Jobs and Family Services representative reported to him that the card had been used during the time period he was in jail and only $ 6.05 remained for his use. Mr. Mills attempted to file a criminal complaint against Ms. Williamson but the police refused to press charges.

Mr. Mills asserts several claims which he states arise under the Eighth and Fourteenth Amendments. He indicates that Laura Williamson is guilty of theft, and Roy Prewitt had a constitutional obligation to press charges against her. He further asserts that Jane Does ##1 and 2 violated his constitutional rights by failing to grant his request for a police escort. He states that Robert Runner is liable to him because "he failed to make sure his workers did their job." (Compl. at 5.) Mr. Mills also asserts state tort law claims for inappropriate supervision and dereliction of duty.

**Analysis**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

As an initial matter, Mr. Mills cannot maintain a claim against Ms. Williamson under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally, to be considered to have acted under color of state law, the defendant must be a government agency, official or employee. See id. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). Ms. Williamson is clearly a private citizen. There are no allegations in the complaint which reasonably

3

suggest that she engaged in behavior which could be construed as state action.

Even when the claims are asserted against a government actor, the plaintiff must also demonstrate that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Mr. Mills includes allegations against Mr. Tone, Mr. Prewitt, and the police dispatchers, Jane Does ##1 and 2. Police Chief Robert Runner is included in the complaint, however, because he "is in charge of running the Sandusky Police Department and he failed to make sure that his workers did their job." (Compl. at 5.) Liability must lie upon more than a mere right to control employees and cannot be based upon the mere failure of a supervisor to act. Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisor must have actively engaged in the unconstitutional behavior. Id. Mr. Mills does not include any allegations in the complaint which suggest that Police Chief Runner personally engaged in conduct which violated Mr. Mills's constitutional rights. Mr. Mills therefore fails to state a claim for relief against this defendant under 42 U.S.C. § 1983.

Mr. Mills's claims against the remaining defendants are without merit. He claims that they should have provided a police escort for him to return home and should have prosecuted Ms. Williamson when he reported her theft of his food stamp debit card. Unless the police have a "special relationship" with a citizen, that citizen has no constitutional right to have the police provide assistance or intervene to protect him from the actions of a private individual. Weeks v. Portage County Executive Offices, 235 F.3d 275, 278 (6th Cir. 2000). A "special relationship" exists between the state and the victim of a crime if the victim, at the time the crime was committed

was incarcerated, institutionalized, or otherwise physically restrained of his liberty. Sperle v. Mich. Dep't of Corrections, 297 F.3d 483, 491 (6th Cir. 2002). Absent this restraint on liberty, the state's failure to intervene does not violate the Constitution unless the officer's affirmative actions created or increased the level of risk or danger to the personal safety of the victim. See Cartright v. City of Marine City, 336 F.3d 487, 493 (6th Cir. 2003); see also Tanner v. Cty of Lena Wee, 452 F.3d 472, 478 (6th Cir. 2006)(concluding that the state's failure to protect victim from domestic violence did not constitute a Due Process violation because the officer's actions did not create the danger to the victim); Weeks, 235 F.3d at 278 (finding that a police officer's had no constitutional duty to intervene to call an ambulance for a victim of assault suffering from obvious injuries). In this present case, Mr. Mills was in no affirmative danger of physical harm and he was not in the physical custody of the police. He simply could not go back to his former residence to retrieve his personal belongings. It was a non-emergency situation and the police were under no constitutional obligation to provide an escort for Mr. Mills.

Similarly, Mr. Mills has no constitutional right to the prosecution of Ms. Williamson. The benefit that a third party may receive from having someone else arrested for a crime will not trigger either procedural or substantive protections under the Due Process Clause. Howard ex rel. Estate of Howard v. Bayes, 457 F.3d 568, 575 (6th Cir. 2006). Mr. Mills's claims against Prosecutor Tygh Tone, and Investigating Officer Roy Prewitt for failing to arrest and prosecute Ms. Williamson are without merit and must be dismissed.

Finally, this court declines to hear Mr. Mills claims arising under state tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial.

28 U.S.C. §1367(a); see United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). The court, however, may exercise discretion in hearing state law matters. United Mine Workers of America, 383 U.S. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. Id. Having dismissed Mr. Mills's federal law claims, this court also dismissed his state tort law claims.

## **Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

October 20, 2006

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.